# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

MAERSK LINE,

        Plaintiff,

     v.                       Civil No. 18-11668 (NLH/KMW)

TJM INTERNATIONAL LIMITED      **OPINION**
LIABILITY COMPANY,
MARSH AND ASSOCIATES SIGNING
SERVICES, LLC, and
CHERYL MARSH,

        Defendants.

---

**APPEARANCES:**

RICK A. STEINBERG
PRICE MEESE SHULMAN & D'ARMINO, P.C.
50 TICE BLVD, STE. 380
WOODCLIFF LAKE, NJ 07677

    *Attorney for Maersk Line.*


**HILLMAN**, District Judge

    This is a breach of contract action concerning Plaintiff's transport of cargo for the benefit of Defendants from 2012-2015. Presently before this Court is Plaintiff's Amended Motion for Default Judgment against Defendants TJM International Limited Liability Company ("TJM International") and Marsh and Associates Signing Services, LLC ("Marsh and Associates," and collectively with TJM International, "Entity Defendants"). Entity Defendants

have not opposed this motion.  For the reasons stated herein,

Plaintiff's Amended Motion for Default Judgment will be granted.

## <u>BACKGROUND</u>

This Court takes its facts from Plaintiff's Complaint.

According to the complaint, Plaintiff is a common carrier by

water in interstate and foreign commerce as defined by the

Shipping Act, and was such a common carrier when it performed

services for Defendants.  Entity Defendants are limited

liability companies formed in and citizens of New Jersey.[1]

Plaintiff alleges it fully performed transportation

services for Defendants pursuant to written contracts of

carriage between Plaintiff and Defendants, except those

obligations, if any, which Plaintiff was excused from

performing.  Plaintiff demanded Defendants pay the amount due

under the contracts, but Defendants have refused to pay.

Plaintiff alleges that TJM International and Marsh and

Associates are the agent or alter ego of each other.  Entity

Defendants are "Merchants" as defined by the terms and

conditions of Plaintiff's bills of lading.  Plaintiff pleads the

following counts: (1) for money due under tariff or service

contracts per the Shipping Act, (2) breach of contract, (3)

---

[1] Plaintiff has not requested the clerk enter default against
Cheryl Marsh and does not move for a default judgment against
her.

unjust enrichment, (4) quantum meruit, (5) account stated, and
(6) attorney's fees.  Plaintiff alleges Defendants are liable
for the payment of invoiced amounts, interest due on outstanding
and overdue sums, and reasonable attorney's fees and expenses
incurred in collecting any sums due.  Plaintiff alleges the
services received by Defendants equals $62,437.50.[2]

Plaintiff filed its complaint on July 16, 2018, and it was
served on Defendants on July 19, 2018.  Defendants, as of the
date of this Opinion, have failed to appear in this action.  The
Clerk entered default on September 6, 2018 against Entity
Defendants.  On November 8, 2018, Plaintiff filed its Motion for
Default Judgment against Entity Defendants.  On April 18, 2019,
this Court denied, without prejudice, Plaintiff's Motion for
Default Judgment for failing to specify the claims and elements
constituting the basis of the request for default judgment and
for failing to file documents evidencing the contractual
relationship between the parties and the value of the services
provided.  Plaintiff filed its Amended Motion for Default
Judgment against Entity Defendants on May 15, 2019.  Entity

---

[2] Plaintiff's Complaint asserts damages of $68,687.50.  However,
upon examination of its records, Plaintiff has determined it
only possesses proof of a lesser amount of damages, than stated
<u>supra</u>.  Since the amount of damages is not deemed admitted on a
default judgment motion and the requested damages are less than
originally requested, this difference is of no moment.  This
Court solely notes it here for clarity of the record.

Defendants have not responded within the time specified; thus, this motion is fully briefed and ripe for adjudication.

**ANALYSIS**

**A.    Subject Matter Jurisdiction**

This Court possesses jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1333, and 1367.  Plaintiff asserts a claim under a federal statute, the Shipping Act, 46 U.S.C. § 41102. Subject matter jurisdiction also lies in Admiralty.

**B.    Personal Jurisdiction**

In addition to subject matter jurisdiction, this Court must also be satisfied it possesses personal jurisdiction over Defendants.  See U.S. Life Ins. Co. v. Romash, No. 09-3510 (GEB), 2010 U.S. Dist. LEXIS 57276, at *3-4 (D.N.J. June 9, 2010) ("Before entering default judgment, the court must address the threshold issue of whether it has subject matter jurisdiction and personal jurisdiction over the parties." (citing Williams v. Life Sav. & Loan, 802 F.2d 1200, 1203 (10th Cir. 1986))).

It appears this Court possesses personal jurisdiction over Entity Defendants.  Plaintiff alleges Entity Defendants are citizens of New Jersey.  This Court is satisfied personal jurisdiction over Entity Defendants exists in this case on the

basis of general jurisdiction.[3]

## C. Default

The first step in obtaining a default judgment is the entry of default. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the Clerk must enter the party's default." FED. R. CIV. P. 55(a). The Clerk entered default against Entity Defendants on September 6, 2018.

## D. Default Judgment

"Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against a properly served defendant who fails to a file a timely responsive pleading." Chanel v. Gordashevsky, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing Anchorage Assocs. v. Virgin Is. Bd. of Tax Rev., 922 F.2d 168,

---

[3] New Jersey has authorized personal jurisdiction to the "outermost limits permitted by the United States Constitution." Avdel Corp. v. Mecure, 277 A.2d 207, 209 (N.J. 1971). The Constitution authorizes personal jurisdiction "under two distinct theories, a defendant's general or claim-specific contacts with the forum," when a defendant is foreign to the forum. Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2001). Here, personal jurisdiction may be exercised under the general jurisdiction theory because Entity Defendants' operations of limited liability companies in Willingboro, New Jersey create contacts that are "continuous and systematic" so that it could be reasonably stated that Defendants have "purposefully avail[ed themselves] of the privilege of conducting activities within" New Jersey. Id. (citations and internal quotation marks omitted).

177 n.9 (3d Cir. 1990)). But a party seeking default judgment "is not entitled to a default judgment as of a right." <u>Franklin v. Nat'l Mar. Union of Am.</u>, No. 91-480, 1991 U.S. Dist. LEXIS 9819, at *3-4 (D.N.J. 1991) (quoting 10 Wright, Miller & Kane, Federal Practice and Procedure § 2685 (1983)), <u>aff'd</u>, 972 F.2d 1331 (3d Cir. 1992). The decision to enter a default judgment is "left primarily to the discretion of the district court." <u>Hritz v. Woma Corp.</u>, 732 F.2d 1178, 1180 (3d Cir. 1984).

Although every "well-pled allegation" of the complaint, except those relating to damages, are deemed admitted, <u>Comdyne I. Inc. v. Corbin</u>, 908 F.2d 1142, 1149 (3d Cir. 1990), before entering a default judgment the Court must decide whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law," <u>Chanel</u>, 558 F. Supp. 2d at 535 (citing <u>Directv, Inc. v. Asher</u>, No. 03-1969, 2006 U.S. Dist. LEXIS 14027, at *3 (D.N.J. Mar. 14, 2006)). "Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." <u>Chamberlain v. Giampapa</u>, 210 F.3d 154, 164 (3d Cir. 2000); <u>United States v. $55,518.05 in U.S. Currency</u>, 728 F.2d 192, 195 (3d Ci. 1984). If a review of the complaint demonstrates a valid cause of action, the Court must then

determine whether the plaintiff is entitled to default judgment.

### a. **Whether Plaintiff has Stated a Cause of Action**

As discussed <u>supra</u>, Plaintiff has asserted six counts. This Court will determine whether each claim asserted by Plaintiff properly states a cause of action.

### i. <u>Violation of the Shipping Act</u>

The Shipping Act contains an implied private cause of action to collect fees owed pursuant to published tariffs. <u>Sea-Land Serv., Inc. v. Murrey & Son's Co. Inc.</u>, 824 F.2d 740, 744 (9th Cir. 1987). To establish a prima facie case under the Shipping Act, a plaintiff must establish a defendant obtained transportation at less than applicable rates. 46 U.S.C. § 41102. A plaintiff must show a defendant "[(1)] knowingly and willfully, [(2)] directly or indirectly, [(3)] by means of false billing, false classification, false weighing, false report of weight, false measurement, or any other unjust or unfair device or means, [(4)] obtain[s] or attempt[s] to obtain ocean transportation for property at less than the rates or charges that would otherwise apply." <u>Id.</u>

Here, Plaintiff's Complaint alleges Entity Defendants knowingly and willfully failed and refused to pay Plaintiff the full amount due. (Pl.'s Compl. ¶ 8.) Because Plaintiff alleges Entity Defendants knowingly and willfully refused to pay, the first element is satisfied. Plaintiff alleges that it demanded

Entity Defendants pay the full amount due and argues Entity
Defendants directly failed to do so.  (Pl.'s Compl. ¶ 7.)
Because Plaintiff argues Entity Defendants directly failed to
pay the amount due, the second element is met.  Plaintiff's
Complaint alleges Entity Defendants used unjust means to avoid
payment of invoices through the use of TJM International and
Marsh and Associates as agents or alter egos of each other.
(Pl.'s Compl. ¶ 3.)

Plaintiff provides bills of lading, export invoices, and
detention invoices that use TJM International and Marsh and
Associates with the same billing address; New Jersey Business
Entity Information and Records Service that assert Cheryl Marsh
is the "Agent" of both TJM International and Marsh and
Associates with the same address, 621 Beverly Rancocas Road,
Ste. 114, Willingboro, NJ 08046; and an email signature and a
website page that uses TJM International and Marsh and
Associates interchangeably.  (Pl.'s Amended Mot. for Default J.,
Ex. B, G, H, & I.)  Because Plaintiff alleges Entity Defendants
used unjust means to avoid payment, the third element is
satisfied.  Plaintiff alleges Entity Defendants obtained
transportation at less than applicable rates.  (Pl.'s Compl. ¶
6.)  Therefore, Plaintiff satisfies the fourth element.

Accepting all well-pled factual allegations as true, this
Court finds Plaintiff has stated a claim of a violation of the

Shipping Act.

### ii. Breach of Maritime Contract

Plaintiff also alleges a breach of maritime contract.[4]
(Pl.'s Compl. ¶ 11.)  To establish a claim for breach of
maritime contract, a plaintiff must prove by a preponderance of
the evidence: "(1) the existence of a contract between the
plaintiff and the defendant; (2) performance of the plaintiff's
obligations under the contract; (3) breach of the contract by
that defendant; and (4) damages to the plaintiff caused by that
defendant's breach."  OOCL (USA) Inc. v. Transco Shipping Corp.,
No. 13-cv-5418(RJS), 2015 WL 9460565, at *4 (S.D.N.Y. Dec. 23,
2015).[5]

Here, Plaintiff alleges transportation was performed

---

[4] This Court noted in its denial of Plaintiff's Motion for
Default Judgment that Plaintiff should address the issue of
preemption under the Shipping Act.  Plaintiff did not do so in
its Amended Motion for Default Judgment.  Nevertheless, this
Court has found no reason to conclude that the Shipping Act
preempts a common law breach of contract claim.  Cf. In re Veh.
Carrier Servs. Antitrust Litig., 13-3306 (ES), 2015 WL 5095134,
at *4 (D.N.J. Aug. 28, 2015) (holding the Shipping Act preempts
claims under the Clayton Act as expressed by the plain reading
and legislative intent of the Shipping Act).

[5] The Supreme Court of New Jersey has held a breach of contract
claim requires the same elements.  See Globe Motor Co. v.
Igdalev, 139 A.3d 57, 64 (N.J. 2016) (deciding a plaintiff must
allege that parties entered into a contract, the plaintiff
fulfilled the contract, defendant did not do what was required
of them, and that defendant's breach caused a loss to the
plaintiff).  Thus, whether this Court decides this motion under
the case cited by Plaintiff or New Jersey law, the outcome is
the same.

pursuant to written contracts of carriage and service contracts between Plaintiff and Entity Defendants. (Pl.'s Compl. ¶ 11.) Plaintiff provides the face page of Plaintiff's service contract with Entity Defendants. (Pl.'s Amended Mot. for Default J., Ex. D.) The first element is satisfied because Plaintiff alleges the existence of a contract. Plaintiff alleges it fully performed its tariff obligations, evidenced by service contracts, bills of lading, freight bills, invoices, credit agreements, and freight guarantees. (Pl.'s Compl. ¶ 11.) Because Plaintiff alleges it performed its obligation under the contract, the second element is met.

According to the terms and conditions of the bills of lading, the "Merchant," in this case Entity Defendants, is responsible for the payment of full freight and detention. Plaintiff alleges it demanded that Entity Defendants pay the amount due under the contracts and Entity Defendants have refused to pay thereon. (Pl.'s Compl. ¶ 13.) Because Plaintiff alleges Entity Defendants breached the contract, the third element is met. Plaintiff alleges Entity Defendants' breach caused damages equal to $62,437.50; therefore, the fourth element is met. (Pl.'s Compl. ¶ 14.) Accordingly, this Court finds Plaintiff has stated a claim for a breach of contract.

iii. Unjust Enrichment

Plaintiff alleges there was a contract between Plaintiff

and Entity Defendants, but pleads in the alternative a claim of unjust enrichment. Because this Court finds Plaintiff has adequately stated a breach of contract claim, this Court need not address this alternative theory. Lincoln Harbor Enters., LLC v. M.Y. Diplomat, No. 08-526 (WHW), 2008 WL 5046787, at *5 (D.N.J. Nov. 21, 2008) (determining a court need not address quantum meruit or account stated claims pled in the alternative after granting a default judgment on a breach of contract claim because the claims are mutually exclusive) (citing Gagliardo v. Connaught Labs., Inc., 311 F.3d 565, 570 (3d Cir. 2002)).

For the sake of completeness, this Court will determine whether the elements of unjust enrichment are met. The elements a plaintiff must show are: (1) the defendants received a benefit and (2) the retention of that benefit without payment would be unjust. VRG Corp. v. GKN Realty Corp., 641 A.2d 519, 526 (N.J. 1994). Retention is unjust when the plaintiff expects payment for the service or the defendant retains a benefit at the expense of the plaintiff. Assocs. Com. Corp. v. Wallia, 511 A.2d 709, 716 (N.J. Super. Ct. App. Div. 1986).

Plaintiff alleges Entity Defendants were unjustly enriched by Plaintiff's services as a benefit was conferred, but not paid for. (Pl.'s Compl. ¶ 15.) Plaintiff alleges it transported cargo for the benefit of Entity Defendants. (Pl.'s Compl. ¶ 6.) This satisfies the first elements because Entity Defendants

received the benefit of the transportation of its cargo.
Plaintiff alleges Entity Defendants have been unjustly enriched
because they failed to pay the ocean freight and detention
charges, which amounted to $62,437.50. (Pl.'s Compl. ¶ 16.)
This satisfies the second element because Plaintiff expected to
be compensated for its service and the failure to pay enriched
Entity Defendants. This Court finds Plaintiff has stated a
claim for unjust enrichment.

      iv. <u>Quantum Meruit</u>

Plaintiff alleges it is entitled to recover under the
theory of quantum meruit. (Pl.'s Compl. ¶ 18.) However,
Plaintiff cannot recover on quantum meruit when it is
established there is an express contract because the parties are
bound by their original agreement. <u>Van Orman v. Am. Ins. Co.</u>,
680 F.2d 301, 311 (3d Cir. 1982) (citing <u>C.B. Snyder Realty Co.
v. Nat'l Newark & Essex Banking Co.</u>, 101 A.2d 544, 553 (N.J.
1953)); <u>Moser v. Milner Hotels, Inc.</u>, 78 A.2d 393, 394 (N.J.
1951).

For the sake of completeness, this Court will determine
whether the elements of quantum meruit are met here. To
recover, a plaintiff must show: "(1) performance of services in
good faith, (2) acceptance of the services by the person to whom
rendered, (3) an expectation of compensation by the person
performing the services, and (4) the reasonable value of the

services." <u>Carney v. Hansell</u>, 831 A.2d 128, 135 (N.J. Super. Ct. Ch. Div. 2003).

Plaintiff alleges it fully performed its obligations under the contracts. (Pl.'s Compl. ¶ 12.) The first element is met because Plaintiff fulfilled the shipping services pursuant to the contract and there is no indication the services were performed in bad faith. Plaintiff alleges the service were accepted by Entity Defendants, as the contracts were completed and Plaintiff provides invoices with shipping and arrival dates. (Pl.'s Amended Mot. for Default J., Ex. B.) Because Plaintiff alleges the services were accepted by Entity Defendants, the second element is met. Plaintiff argues the parties had a "business relationship" and some of the invoices were partially paid for. This Court finds the third element is met because Entity Defendants have indicated they knew they would be required to pay the invoices for the service provided because they paid for portions of them in the past. Plaintiff alleges the reasonable value of the service has been presented by Plaintiff in the amount of $62,437.50; therefore, the fourth element is met. (Pl.'s Compl. ¶ 18.) This Court finds Plaintiff has stated a claim for quantum meruit.

v. <u>Account Stated</u>

Plaintiff alleges it is entitled to recover under the theory of account stated. (Pl.'s Compl. ¶ 21.) As stated <u>supra</u>,

13

this Court does not need to address an account stated claim for a default judgment if it found adequate allegations for a breach of contract. _Lincoln Harbor Enters., LLC_, 2008 WL 5046787, at *5. To establish a claim for account stated, a plaintiff must show the defendant implied a promise to pay based on an admission of indebtedness to the plaintiff. _Harris v. Merlino_, 61 A.2d 276, 279 (N.J. 1948). This admission can be express or implied through conduct. _Id._

Here, Plaintiff alleges it issued bills of lading and invoices to Entity Defendants, which Entity Defendants knowingly and willfully refused to pay. (Pl.'s Compl. ¶¶ 8, 20.) The elements of an account stated claim are met because Plaintiff alleges Entity Defendants admitted indebtedness and an implied promise to pay it through the incomplete payment of the invoices. This Court finds Plaintiff has stated a claim of account stated.

### vi. Attorney's Fees

The party seeking attorney's fees has the burden of proving that the requested fees are reasonable. _Jackson Hewitt Inc. v. Nat'l Tax Network, LLC,_ No. 10-5912 (ES), 2015 WL 5770089, at *4 (D.N.J. Sept. 29, 2015) (citing _Hensley v. Eckerhart,_ 461 U.S. 424, 433 (1983)). A prevailing party may request attorney's fees by motion within fourteen days after the entry of judgment. FED. R. CIV. P. 54(d)(2). The motion must specify the case law,

statute, rule, or other grounds entitling the movant to the award and state the amount of attorney's fees sought.  Id.

If Plaintiff wishes to be awarded attorney's fees, it should move within fourteen days following entry of the default judgment.  Therefore, this Court reserves judgment on the issue of attorney's fees.

### b. **Whether Plaintiff is Entitled to Default Judgment**

Because it has been determined that Plaintiff has stated viable causes of action for violations of the Shipping Act and breach of contract – or, in the alternative, unjust enrichment, quantum meruit, and account stated - it must be determined whether Plaintiff is entitled to default judgment.  As stated supra, prior to entering judgment on the counts where a valid cause of action has been established, three factors must be considered: (1) prejudice to the plaintiff if default judgment is not granted; (2) whether the defendants have a meritorious defense; and (3) whether the defendants' delay was the result of culpable misconduct.  Chamberlain, 210 F.3d at 164.

### i. Prejudice to Plaintiff

Plaintiff will be prejudiced absent a default judgment because Entity Defendants' failure to respond to Plaintiff's claims leaves Plaintiff with no other means to vindicate its claims.  Plaintiff has performed the services contracted for and was not duly compensated.

ii. Existence of Meritorious Defense

"A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 869-70 (3d Cir. 1984); accord $55,518.05 in U.S. Currency, 728 F.2d at 195; Feliciano v. Reliant Tooling Co., 691 F.2d 653, 657 (3d Cir. 1982); Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982). Here, it is axiomatic that this Court cannot consider Entity Defendants' defenses because Entity Defendants have failed to respond to this action. See Prudential Ins. Co. of Am. v. Taylor, No. 08-2108, 2009 U.S. Dist. LEXIS 16531, at *3 (D.N.J. Feb. 27, 2009) ("[B]ecause Ms. Ducker has not answered or otherwise appeared in this action, the Court was unable to ascertain whether she has any litigable defenses."); Santiago v. Lucky Lodi Buffet Inc., 2016 U.S. Dist. LEXIS 146089, at *6-7 (D.N.J. 2016) ("[I]n the absence of any responsive pleading and based upon the facts alleged in the Complaint, Defendants do not have a meritorious defense."). Plaintiff's claim under the Shipping Act and breach of contract – or, in the alternative, unjust enrichment, quantum meruit, and account stated - are meritorious, because if established at trial, each would support recovery by Plaintiff.

Entity Defendants' delay appears to be the result of culpable conduct. "Culpable conduct is dilatory behavior that is willful or in bad faith." <u>Gross v. Stereo Component Sys., Inc.</u>, 700 F.2d 120, 123 (3d Cir. 1983). Plaintiff served Entity Defendants with the summons and complaint on July 19, 2018, proof of service was filed on July 23, 2018, and Entity Defendants failed to respond by the August 9, 2018 deadline. They have not appeared since. As of the time of this opinion, no counsel has entered an appearance for Entity Defendants. This Court finds this is willful – and therefore culpable – conduct.

Moreover, because Entity Defendants are entities, they are not minors, they are not incompetent, and they have not been engaged in military service. Therefore, Entity Defendants' failure to appear in the action can be deemed willful, even without the benefit of the facts stated above. <u>See, e.g.</u>, <u>Santiago</u>, 2016 U.S. Dist. LEXIS 146089, at *7 ("Defendants acted culpably as they have been served with the Complaint and Defendants are not infants, otherwise incompetent, or presently engaged in military service.").

Consequently, because this Court has found that Plaintiff shall be prejudiced if default judgment is not granted, Entity

Defendants do not have a meritorious defense, and Entity

Defendants' failure to appear in this case is the result of

their culpable misconduct, judgment will be entered in

Plaintiff's favor on its Shipping Act claim and breach of

contract claim - or, in the alternative, its unjust enrichment,

quantum meruit, and account stated claim.  Thus, this Court will

grant Plaintiff's Amended Motion for Default Judgment.

### c. **Damages**

In order to determine what damages Plaintiff is entitled to

for its judgment against Entity Defendants, this Court may

"conduct hearings or make referrals - preserving any federal

statutory right to a jury trial - when, to enter or effectuate

judgment, it needs to . . . determine the amount of damages."

FED. R. CIV. P. 55(b)(2); cf. FED. R. CIV. P. 55(b)(1) ("If the

plaintiff's claim is for a sum certain or a sum that can be made

certain by computation, the clerk - on the plaintiff's request,

with an affidavit showing the amount due - must enter judgment

for that amount and costs against a defendant who has been

defaulted for not appearing and who is neither a minor nor an

incompetent person."); Jonestown Bank & Tr. Co. v. Automated

Teller Mach., Servs., Inc., No. 1:12-cv-01666, 2012 U.S. Dist.

LEXIS 172323, at *11 (M.D. Pa. Dec. 4, 2012) (citing 10 James

Wm. Moore, et al., Moore's Federal Practice § 55.32[2][c]

(Matthew Bender ed. 2010) ("[T]he 'hearing' may be one in which

the court asks the parties to submit affidavits and other materials from which the court can decide the issue.")).

A case is not sum certain when there are any questions or doubts about what amount the plaintiff is owed.  KPS & Assocs., Inc. v. Designs By FMC, Inc., 318 F.3d 1, 19 (1st Cir. 2003).  A case is sum certain when the damages can be calculated using the contracts that the plaintiff alleges were breached.  Hawke Capital Partners, L.P. v. Aeromed Servs. Corp., 300 F.R.D. 52, 59 (D.P.R. 2014).  In a default judgment, the court can award costs and disbursement that it determines a plaintiff is entitled to.  Jackson Hewitt Inc. v. Nat'l Tax Network, LLC, No. 10-5912 (ES), 2015 WL 5770089, at *5 (D.N.J. Sept. 29, 2015); FED. R. CIV. P. 54(d)(1).

In this case, this Court finds it need not conduct an actual hearing as Plaintiff submitted declarations and provided invoices for the services rendered.  Pursuant to the Shipping Act, a defendant may not obtain ocean transportation for property at less than the rates or charges that would otherwise apply.  46 U.S.C. § 41102.  This Court finds the measure of damages is the summation of the remaining balances from Plaintiff's invoices to Entity Defendants.  Without payment of this balance, Entity Defendants would be receiving ocean transport at a rate less than what would otherwise apply.  The remaining balances from Plaintiff's invoices form the principal

amount due:

- 11/02/12 Export Invoice #558513373 $2,787.00

- 09/25/13 Detention Invoice #866822731 $3,335.00

- 08/02/14 Export Invoice #951526438 $735.00

- 10/14/14 Export Invoice #952083261 $310.00

- 02/27/15 Detention Invoice #951160862 $55,270.50

- Total Principal Amount Due = $62,437.50

(Pl.'s Amended Mot. for Default J., Ex. B.)

Plaintiff's invoices prove the balance owed by Entity Defendants; this Court finds that the damages are equal to the principal amount of $62,437.50.[6] Plaintiff also requests costs and disbursements in the amount of $489.99.

- 07/16/18 Filing and Admin Fee #0312-8884973 $400.00

- 08/19/18 Guaranteed Subpoena Invoice #20180718174242 $15.00

- 08/19/18 Guaranteed Subpoena Invoice #20180718174062 $15.00

---

[6] The measure of damages in a breach of contract case is the "losses that may fairly be considered to have arisen naturally from the defendant's breach of contract". Murphy v. Implicito, 920 A.2d 678, 690 (N.J. Super. App. Div. 2007). Here, that amount would be $62,437.50. But, because Plaintiff is already entitled to that amount under the Shipping Act and double recovery is not permitted, this Court will not award any damages for breach of contract. Lo Bosco v. Kure Engr. Ltd., 891 F. Supp. 1020, 1033 (D.N.J. 1995) (stating a valid alternate theory of relief does not permit double recovery).

- 08/19/18 Guaranteed Subpoena Invoice #20180718174342 $59.99

- Total Cost and Disbursement Amount Due = $489.99

(Pl.'s Amended Mot. for Default J., Ex. F.)  This Court finds Plaintiff was damaged in the amount of $62,437.50 and spent costs in the amount of $489.99.  This Court will enter final judgment in that amount of $62,926.49.

## CONCLUSION

For the reasons stated herein, this Court will grant Plaintiff's Amended Motion for Default Judgment.  Final judgment will be entered in the amount of $62,927.49.  Plaintiff is permitted to request attorney's fees in a supplemental submission as described in the accompanying Order.

An appropriate Order will be entered.


Date:  July 3, 2019                    s/ Noel L. Hillman
At Camden, New Jersey                NOEL L. HILLMAN, U.S.D.J.